126

## UNITED STATES v. ONE DISTILLERY et al.

### Civ. No. 1579.

United States District Court
S. D. Florida. Jacksonville Division.
Jan. 25, 1950.

Herbert S. Phillips, U. S. Attorney, Tampa, Fla., by Damon G. Yerkes, Asst. U. S. Attorney, Jacksonville, Fla., for libellant.

M. H. Myerson, Jacksonville, Fla., for respondent.

DE VANE, District Judge.

On April 19, 1949 Investigators of the Alcohol Tax Unit seized and destroyed an illegal still being operated on property owned by James Edward Worthy and arrested James Oliver Vason who was, at the time, operating the still. Investigators also arrested James Edward Worthy and subsequently the Grand Jury returned an indictment against both of them, charging them in five counts with the illegal possession and operation of this still.

At the time of his arrest Worthy, in a statement made to the Investigators of the Alcohol Tax Unit, stated he owned the still and that Vason was employed by him to operate same. Vason admitted the employment. Prior to the trial on the indictment Worthy filed a motion to suppress the evidence obtained by the Investigators on the ground that the search and seizure of the still was illegal. The motion was overruled and thereafter Worthy entered a plea of nolo contendere and Vason a plea of guilty to the indictment. After hearing testimony the court adjudged both Worthy and Vason guilty.

Following the arrest of Worthy and Vason the Investigators of the Alcohol Tax Unit, on April 20, 1949, obtained a search warrant for the purpose of searching Worthy's home and premises for further evidence of his activities in connection with the operation of the still. The search warrant, when executed, disclosed no further evidence as to Worthy's guilt, but the Investigators seized two shotguns found in Worthy's home. One of them was a 12 gauge Winchester Automatic shotgun and the other a 410 gauge "Excel" Single-barrel shotgun.

On April 21, 1949 this Libel was filed, by which the Government seeks to forfeit Worthy's home, consisting of a one-story, four room dwelling, a one-story frame garage, twenty-two acres of land owned by Worthy on which his home and garage are located, the two shotguns and 82 one hundred pound bags of sugar seized at the still site.

When Worthy entered his plea of nolo contendere to the indictment returned

against him he remained mute, as did Vason, as to the ownership of the still found on his premises and as to Worthy's connection therewith. When Worthy and Vason later appeared before the court for sentence they both stated that the still was owned by a third party, naming him, that Worthy had no interest in it and that Vason was employed by this third party and operated the still for him. Worthy testified at that time that he has leased a small secluded tract of land, comprising less than one acre, for $50 per month to the third party and that he was aware of the operation of the still by said third party. Upon this evidence the court declined to set aside the adjudication of guilt against Worthy, for the reason that he had admitted his guilt at the time of his arrest in the written statement he had given the Investigators and that the rent paid for the use of his land was an exorbitant rent to charge merely for the use of the premises in question. Both defendants were sentenced upon each count of the indictment.

When this matter came on for trial the testimony as to the operation of the still on Worthy's premises by a third party was more specific and the court now finds and holds that the still was owned and operated by the third party and that Worthy's interest therein consisted of his knowingly permitting the still to be set up on his land and receiving as compensation for the use of the land the exorbitant rental of $50 per month. This monthly payment gave him a direct interest in the operation of the still. The Section of the Internal Revenue Code under which the indictment was returned, 26 U.S.C.A. § 2833, provides, among other things, that: "All the right, title, and interest of such person in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person, who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same; * * * and the interest of every person in any premises used for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States." Therefore, in this case, it makes no difference whether Worthy owned the still or suffered it to be set up and operated on his property.

■ The important question is how much of Worthy's home and farm has the Government connected with the distillery operation. The Government has established that the still was located within an inclosure of approximately one acre of ground, well secluded from observation by anyone passing along the highway in front of the Worthy home. The Government was unable to establish, by satisfactory proof, the method of ingress and egress to and from the still, nor did it prove that either the home or garage or any other part of Worthy's premises was used in connection with the operation of the still, save and except, that part of Worthy's premises within the inclosure and the land necessary for ingress and egress to and from the still. Worthy testified that ingress and egress to and from the still site was had via an old and seldom-used road from the back of his premises and that he never, on any occasion, permitted ingress or egress through his front gate into the inclosure containing his home, garage, chicken yard and other premises used in connection with his home. This testimony being undisputed, the court accepts it as true. Upon this evidence the court holds that the Government is entitled to forfeit the land within the inclosure where the still was located. No description of this land has been furnished the court, but it is easily ascertainable. The court also holds that the Government is entitled to forfeit the old road, twenty feet in width, from the inclosure where the still was located to the boundary of Worthy's property. No description of this property has been furnished the court, but it is also easily ascertainable.

■ The court finds and holds that the 82 one hundred pound bags of sugar that were seized at the time the still was seized should be and will be forfeited to the Government. The two shotguns were of the ordinary type found in many homes in

Florida and they obviously had no connection with the operation of the still. The evidence shows they had been owned by Worthy and his wife for many years and the record in this case shows that this is the only case in which Worthy has been in any way involved in the illegal manufacture of intoxicating liquors. Therefore, the two shotguns had no relationship whatever to the operation of the still and will not be forfeited. All other personal property found at the still site, save and except the 82 bags of sugar, was destroyed at the time of seizure.

Upon the Government submitting an accurate description of the real estate here determined to be forfeitable, the court will enter a Decree condemning and forfeiting the 82 one hundred pound bags of sugar and the land to be forfeited to the United States of America and for the disposal thereof, to be made as the court may direct.